CARTER, Judge.
ON REMAND.
This action for civil penalty resulting from wrongful discharge from employment is before us on remand from the Louisiana Supreme Court.
FACTS
Plaintiff, Larry Moore, was employed as a sandblaster/painter by defendant, J. Ray McDermott, Inc. (McDermott) from October, 1978, through November 22, 1982. On November 23, 1982, Moore was terminated. Thereafter, Moore filed suit against McDermott, alleging that the company violated LSA-R.S. 23:1361(B) by discharging him for asserting a claim for worker’s compensation benefits and that he was entitled to a civil penalty under LSA-R.S. *983 23:1361(C) as a result of such wrongful discharge.
After trial, the trial judge determined that Moore had failed to establish that he was discharged for asserting a worker’s compensation claim and dismissed Moore’s suit. This Court affirmed the trial court judgment. Moore v. McDermott, Incorporated, 469 So.2d 1207 (La.App. 1st Cir.1985).
Thereafter, on Moore’s writ application, the Louisiana Supreme Court granted cer-tiorari. Moore v. McDermott, Incorporated, 475 So.2d 346 (La.1985). The Supreme Court concluded that Moore had established by a preponderance of evidence that he was discharged from his job by McDer-mott for asserting a claim for worker’s compensation benefits in violation of LSA-R.S. 23:1361(B) and that Moore is entitled to a civil penalty under LSA-R.S. 23:1361(C). The Supreme Court reversed the trial court and appellate court judgments and remanded the case to this court for a determination of the amount of the civil penalty. Moore v. McDermott, Incorporated, 494 So.2d 1159 (La.1986).
CIVIL PENALTY
LSA-R.S. 23:1361(0 provides:
Any person who has been denied employment or discharged from employment in violation of the provisions of this Section shall be entitled to recover from the employer or prospective employer who has violated the provisions of this Section a civil penalty which shall be the equivalent of the amount the employee would have earned but for the discrimination based upon the starting salary of the position sought or the earnings of the employee at the time of the discharge, as the case may be, but not more than one year’s earnings, together with a reasonable attorney’s fee.
At the time of his discharge, Moore earned $10.61 per hour. Relying on a customary forty-hour work week, Moore would have earned $424.40 per week. In using this figure to calculate one year’s earnings, the limit of the statutory allow-anee, the maximum civil penalty to which Moore is entitled totals $22,068.80.
Now turning to the issue of whether the award granted to Moore should be reduced by the salary earned at other employment, we find that it should not. In Turner v. Winn Dixie Louisiana, Inc., 474 So.2d 966 (La.App. 5th Cir.1985), writ denied, 478 So.2d 147 (La.1985), the court found that in an action for penalties for wrongful discharge, the fact that an employee may have had earnings elsewhere does not preclude his rights to recover his salary.
Further, Wiley v. Missouri Pacific Railroad Company, 430 So.2d 1016 (La.App. 3rd Cir.1982), writ denied, 431 So.2d 1055 (La.1983), in a well-reasoned discussion of the historial development of the employment relationship leading to actions for wrongful discharge, held that the seminal Louisiana law affording protection from unjust discharge is LSA-C.C. art. 2749. As we understand Wiley, LSA-R.S. 23:1361 is derived from, and probably a refinement of, LSA-C.C. art. 2749, in that it specifically prohibits discharge for prosecution of a worker’s compensation claim. In other words, an assertion of a claim for worker’s compensation is not good cause for discharge. We agree with this analysis, recognizing that the only expressed limitation of LSA-R.S. 23:1361 is that a discharged employee is limited to recovery of one year’s salary. The legislature has chosen to place such a limitation in this particular matter; we are unable to perceive any intent on its part, however, to penalize an industrious claimant by crediting the offending employer for the plaintiff’s initiative.
Therefore, we find that Moore is entitled to a civil penalty of $22,068.80, a full year’s salary, without any reduction of other wages he may have earned.
Finally, we award Moore $5,000.00 in attorney’s fees. Moore’s attorney attempted to resolve this matter prior to suit. He contacted McDermott by letter, requesting Moore be reinstated. A one day trial was conducted, and this matter was pursued upon appeal to this court and to the *984 Supreme Court and is now back before this court on remand. Although no oral argument was requested, the briefs submitted lent guidance to this court. We find $5,000.00 to be reasonable attorney’s fees under the circumstances.
CONCLUSION
For the foregoing reasons, judgment is rendered in favor of plaintiff, Larry Moore, and against defendant, McDermott, for a civil penalty of $22,068.80, plus legal interest from date of judicial demand, until paid. Judgment is further rendered in favor of plaintiff and against defendant for the sum of $5,000.00, without interest, representing attorney’s fees. All costs of court are to be borne by McDermott.
RENDERED.